# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

MARTIQUE KING,  )
 )
    Plaintiff,  )
 )
v.  )    Case No. CV411-189
 )
AMY IHRIG, Public Defender  )
of the Eastern Judicial Circuit,  )
Individually and in her Official  )
Capacity,  )
 )
    Defendant.  )

## REPORT AND RECOMMENDATION

Facing prosecution in state court for burglary and other crimes, *see* attached state court docket sheets, Martique Nashawn King has launched in this Court a series of "take that!" 42 U.S.C. § 1983 lawsuits against various individuals and the court involved in that prosecution. In *King v. Stokes*, CV411-188, 2011 WL 4083608 (S.D. Ga. Aug. 1, 2011), he sued the state court judge involved in that prosecution; his case was promptly dismissed at the initial screening stage. *Id.*, doc. 11. That was "strike one" within the meaning of 28 U.S.C. § 1915(g), which after three

strikes bars the filing of further § 1983 actions under § 1915(a) (i.e., *in forma pauperis* (IFP)) absent allegations of imminent physical harm.[1]

He also filed § 1983 cases against his prosecutor, jailer, and the court system itself.[2] And, he filed this § 1983 case against his public defender, Amy Ihrig. Doc. 1. Having completed his IFP paperwork in this case, docs 5 & 6, the Court will now screen his case under 28 U.S.C.

---

[1] Plaintiffs are generally required to pay $350 to institute a civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may avoid prepayment of the filing fee if they proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. In order to proceed IFP, however, serial filers must surmount § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A prisoner barred from proceeding IFP due to the "three strikes" provision in § 1915(g) must pay the complete $350 filing fee when he initiates suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks IFP status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). King is striking out with the spate of lawsuits that he has filed here. Future lawsuits thus face the § 1915(g) bar.

[2] *King v. Grindle*, CV411-199 (S.D. Ga. filed Aug. 8, 2011) and *King v. St. Lawrence*, No. CV411-187 (S.D. Ga. filed Aug. 1, 2011), also slated for dismissal in companion Orders issued this day. *King v. Eastern Judicial Circuit of Ga.*, CV411-250 (S.D. Ga. filed Oct. 11, 2011) is, on its face, also frivolous but the Court is first waiting for King to complete his IFP filings. Finally, and for good measure, King filed a groundless 28 U.S.C. § 2254 petition, *King v. St. Lawrence*, CV411-269 (S.D. Ga. filed 10/24/11), which the Court -- also in a companion Order -- advises dismissal for lack of exhaustion.

§ 1915(e)(2)(B)(ii), which allows a district court to sua sponte dismiss a claim of a plaintiff proceeding IFP for failure to state a claim before service of process. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). But "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). All of what King alleges here -- that Ihrig has failed to represent him properly, assure him equal protection of the law, etc., doc. 1 at 2-3 -- falls squarely under *Dodson*. Because she was not acting under color of state law, he states no § 1983 claim against her

individually. Nor does he allege a basis to support his "official capacity" designation. "A state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983, thus damages are unavailable." *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995); *Gardner v. Riska*, 2011 WL 4389709 at * 2 (11th Cir. Sep. 22, 2011).

Accordingly, this case must be **DISMISSED WITH PREJUDICE**. *Dodson*, 454 U.S. at 326-27. Meanwhile, it is time for King to pay the piper. Based on his furnished information, doc. 6 ($3.09 average monthly balance for the last six months), the Court has determined that he has had funds in his prison account during the past six months and therefore owes an initial partial filing fee of $0.62. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). Plaintiff's custodian (or designee) therefore shall deduct $0.62 from King's account and remit to the Clerk of Court (payable to the "Clerk of Court") when enough additional payments are added to reach $10.00. The custodian shall also set aside 20 percent of all future deposits to the account, then forward those funds to

the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b). Meanwhile, Martique King has now struck out under § 1915(g).

**SO REPORTED AND RECOMMENDED** this  2nd  day of November, 2011.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA



### CHATHAM COUNTY, GA
### Eastern Judicial Circuit of Georgia

Home | Magistrate Court | Probate Court | State Court | Superior Court | Juvenile Court | Court Forms | Court Fees

October 31, 2011    Location: Case Details




**CASE LOOKUP**

**COURT FORMS**

**COURT FEES**

**MAP & DIRECTIONS**

**JURY SERVICES**

**SITE SEARCH**

# Case Details

## State VS. KING, MARTIQUE NASHAWN

- Case Events
- Charges
- Parties
- Proceedings

### Case Information

| | |
|---|---|
| Court: | Superior |
| Case Number: | CR102527 |
| Case Type: | BURGLARY |
| Judge: | HON. PENNY H. FREESEMANN |
| Assistant District Attorney: | SARAH MOORHEAD |
| Date Filed: | 10/27/2010 |
| Status: | ACTIVE - |

### Defendant Information

| | |
|---|---|
| Name: | KING, MARTIQUE NASHAWN |
| DIN: | S5032032 |
| Gender: | MALE |
| Race: | AFRICAN AMERICAN |
| Height: | 71 |
| Weight: | 170 |
| Eyes: | BROWN |
| Hair: | BLACK |



Chatham County Sheriff S5032032

Click for large Picture

**Defendant History**

### Attorney Information

WILLIAM S LEWIS
540 EAST OGLETHORPE AVE
SAVANNAH, GA
31401

### Bondsman Information

N/A

### Case Events

| Date | Time | Code | Judge | Action |
|---|---|---|---|---|
| 8/25/2011 | 09:30AM | PLEA HEARING | PENNY FREESEMANN | |
| 8/4/2011 | 09:30AM | PLEA HEARING | PENNY FREESEMANN | RESCHEDULE EVENT |
| 5/5/2011 | 10:00AM | PLEA HEARING | PENNY FREESEMANN | RESCHEDULE EVENT |
| 4/26/2011 | 2:00PM | TRIAL DOCKET CALL | PENNY FREESEMANN | |
| 3/29/2011 | 2:00PM | MOTION HEARING (MTH) | PENNY FREESEMANN | |
| 2/14/2011 | 1:30PM | PRETRIAL CONFERENCE | PENNY FREESEMANN | |
| 12/15/2010 | 10:00AM | CALENDAR CALL | PENNY FREESEMANN | |
| 12/15/2010 | 09:00AM | CALENDAR CALL | PENNY FREESEMANN | RESCHEDULE EVENT |
| 12/14/2010 | 2:30PM | STATUS CONFERENCE HEARING | PENNY FREESEMANN | |

[Return to Top]

### Charges

| Charge | Description | Counts | Severity | Charge Date | Disposition |
|---|---|---|---|---|---|
| 16-7-20 | POSS TOOLS FOR COMMISSION OF CRIME | 1 | FELONY | 8/1/2010 8:21:42 PM | |
| 16-7-1 | BURGLARY | 1 | FELONY | 10/25/2010 | |

[Return to Top]

### Proceedings

| | | | | |
|---|---|---|---|---|
| 10/18/2011 | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 9/14/2011 | TRANSCRIPT RECEIVED | | | PLEA OFFER ARRAIGNMENT AUGUST 25,2011 |

| Date | Time | Event | Status | Judge | Notes |
|---|---|---|---|---|---|
| 8/25/2011 | 09:30AM | PLEA HEARING | | PENNY FREESEMANN | |
| 8/5/2011 | | PRO SE LETTER RECEIVED | | | |
| 8/4/2011 | 09:30AM | PLEA HEARING | RESCHEDULE EVENT | PENNY FREESEMANN | |
| 7/27/2011 | | PRO SE MOTION | | | MOTION IN LIMINE TO RPEVENT STATE FROM REFERRING TO SEIZED EVIDENCE AND DEFENDANT"S PRIOR/ MOTION TO SUPPRESS |
| 7/27/2011 | | NOTICE OF SUBSTITUTION OF COUNSEL | | | FILED BY W. LEWIS/ |
| 7/11/2011 | | PRO SE MOTION | | | DEMURRER AND QUASH OF INDICTMENT/ |
| 7/7/2011 | | PRO SE MOTION | | | MOTION FOR DISCHARGE AND ACQUITTAL PURSUANT TO O.C.G.A 17-7-10/ MOTION TO DISMISS/ CLERK"S RESPONSE |
| 6/29/2011 | | BOND ORDER | | | DENIED/ |
| 6/23/2011 | | BOND HEARING | | | |
| 6/22/2011 | | PRO SE LETTER RECEIVED | | | |
| 6/2/2011 | | ORDER | | | ORDER ON DEFENDANT"S PRO SE SPECIAL DEMURRER AND QUASH OF INDICTMENT - STRICKEN/ |
| 6/1/2011 | | PRO SE MOTION | | | PETITION FOR BOND/ |
| 5/18/2011 | | CERTIFIED MAIL RECEIPT | | | 7004 1160 0005 7452 7722/ |
| 5/5/2011 | 10:00AM | PLEA HEARING | RESCHEDULE EVENT | PENNY FREESEMANN | |
| 5/4/2011 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 4/29/2011 | | PRO SE MOTION | STRICKEN | | SPECIAL DEMURRER AND QUASH OF INDICTMENT/ |
| 4/26/2011 | 2:00PM | TRIAL DOCKET CALL | | PENNY FREESEMANN | |
| 4/13/2011 | | PRO SE LETTER RECEIVED | | | |
| 3/31/2011 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 3/29/2011 | 2:00PM | MOTION HEARING (MTH) | | PENNY FREESEMANN | |
| 3/25/2011 | | HOLD ORDER | | | |
| 2/25/2011 | | HOLD ORDER | | | |
| 2/17/2011 | | SUBPOENA FOR THE PRODUCTION OF EVIDENCE | | | |
| 2/17/2011 | | STATE"S DISCOVERY DISCLOSURE | | | STATE"S DEMAND FOR DISCOVERY/ STATE"S DEMAND FOR IDENTIFICATION OF WITNESSES/ STATE"S DEMAND FOR WITNESS STATEMENTS/ STATE"S DEMAND FOR ALIBI-RELATED DISCOVERY/ PLEA OFFER/ NOTICE OF INTENT TO OFFER EVIDENCE IN AGGRAVATION OF PUNISHMENT/ NOTICE OF STATE"S INTENT TO INTRODUCE EVIDENCE OF SIMILAR TRANSACTIONS/ |
| 2/15/2011 | | PLEA OF NOT GUILTY | | | |
| 2/14/2011 | | HOLD ORDER | | | |
| 2/14/2011 | | PRETRIAL CONF SCHED ORDER | | | |
| 2/14/2011 | 1:30PM | PRETRIAL CONFERENCE | | PENNY FREESEMANN | |
| 1/28/2011 | | ORDER | | | ORDER ON DEFENDANT"S PRO SE "SPECIAL DEMURRER MOTION TO QUASH INDICTMENT - STRICKEN/ |
| 1/14/2011 | | RETURNED MAIL | | | |

| Date | Time | Event | | | Notes |
|---|---|---|---|---|---|
| 1/5/2011 | | PRO SE LETTER RECEIVED | | | SPECIAL DEMURRER MOTION TO QUASH INDICTMENT/ |
| 12/27/2010 | | MOTION/ORDER FOR PRODUCTION OF STATE PRISONER | | | |
| 12/15/2010 | 10:00AM | CALENDAR CALL | | PENNY FREESEMANN | |
| 12/15/2010 | 09:00AM | CALENDAR CALL | RESCHEDULE EVENT | PENNY FREESEMANN | |
| 12/14/2010 | 2:30PM | STATUS CONFERENCE HEARING | | PENNY FREESEMANN | |
| 11/23/2010 | | DEFENDANTS DISCOVERY DISCLOSURE | | | DEFENDANT WITNESS LIST/ |
| 11/22/2010 | | CORRESPONDENCE | | | LETTER FROM SAVANNAH PAROLE CENTER/ |
| 11/3/2010 | | CONSOLIDATED MOTIONS PACKAGE | | | |
| 10/28/2010 9:21:25 AM | | SCREENING | | | Initial Case Screening / Scanning |
| 10/27/2010 | | INDICTMENT | | | |

[Return to Top]

Home | Magistrate Court | Probate Court | State Court | Superior Court | Juvenile Court | Court Forms | Court Fees

© Copyright 2011 - Chatham County Courts